**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-522 C
(Filed: July 22, 2015)

```
* * * * * * * * * * * * * * * * * * * * *
BYRON BEDELL,

                  Plaintiff,

v.

THE UNITED STATES,

                  Defendant.
* * * * * * * * * * * * * * * * * * * * *
```

**FILED**

JUL 22 2015

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Plaintiff Byron Bedell, appearing *pro se*, filed a complaint seeking damages from defendant for alleged acts of assault, battery, torture, and conveying false information.[1] Defendant has moved to dismiss for lack of jurisdiction pursuant to RCFC Rule 12(b)(1). Plaintiff has not filed a response, but we need not wait for one because it is clear on the face of the complaint that we lack jurisdiction to provide plaintiff the relief he seeks. *See* RCFC Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff alleges that federal employees committed a variety of tortious and criminal acts against him during his incarceration at the federal penitentiary in Lewisburg, Pennsylvania. First, plaintiff alleges that employees at the penitentiary tortured him, assaulted and battered him, and treated him in other cruel and inhumane ways. Second, he accuses federal employees of breaching their contractual and fiduciary duty to investigate and respond to his reports of mistreatment. Plaintiff asserts that he informed defendant of these crimes, and defendant remained silent instead of taking the opportunity to investigate the crimes and respond accordingly. Third, plaintiff alleges that

---

[1] Plaintiff also filed a motion to proceed *in forma pauperis* and attached his trust account ledger. For good cause shown, we grant that motion.

defendant conspired to hide its "malfeasance, malum prohibitum, ultra vires acts, [and] the obstruction of justice" by concealing evidence of the unlawful acts committed by federal employees at the penitentiary.  Am. Compl. 3.

Finally, plaintiff claims that defendant entered into a contract with him through the doctrine of acquiescence and acceptance.  Specifically, plaintiff claims that he "proposed to the defendant" an "expressed contractual agreement," and the defendant gave its "consensual agreement to pay the sum certain amount of $125 million dollars" for its participation in the alleged crimes. *Id.* Plaintiff alleges that he served a tort claim along with affidavits to the Director of the FBI.  No one from the FBI responded to plaintiff's submission, and plaintiff alleges that defendant's silence is tantamount to stipulating, agreeing, and confessing to the crimes alleged.

Pro se plaintiffs are afforded latitude in their filings, *see, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995), and are entitled to a liberal construction of their pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, *pro se* plaintiffs are not relieved of their duty to meet the court's jurisdictional requirements. *See Henke*, 60 F.3d at 799.

The Tucker Act, this court's primary grant of jurisdiction, only gives this court authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).  As quoted above, specifically excluded from the court's jurisdiction are cases involving allegations of tortious conduct, such as assault and battery and torture as complained of by plaintiff.  These claims must therefore be dismissed for lack of jurisdiction.

Turning to plaintiff's contract claim, in order to demonstrate that a contract exists with the federal government, plaintiff must prove the following elements: (1) mutuality of intent to enter into a contractual relationship; (2) consideration; (3) an unambiguous offer an acceptance; and (4) actual authority, either implied or expressed, "on the part of the government signatory to bind the government to the contract." *Liberty Ammunition, Inc. v. United States*, 119 Fed. Cl. 368, 388 (2014) (citing *Massie v. United States*, 166 F.3d 1184, 1188 (Fed. Cir. 1999)).  Here, plaintiff alleges that he "proposed" a

contract, *see* Am. Compl. 6, and that the government acquiesced to it by failing to respond to it. He does not allege that the government accepted the offer, otherwise even intended to enter into a contract, that the parties exchanged consideration, or that the government official involved had the authority to bind the government to plaintiff's proposal. Plaintiff instead alleges a "gotcha" theory of contract formation in which the FBI's silence in responding to plaintiff's correspondence operated to obligate the United States to plaintiff's demands. Active acceptance, however, not silence, is required for the government to be bound by a contract. *See Doe v. United States*, 58 Fed. Cl. 479, 488 (2003) (citing *Harbert/Lummus Agrifuels Projects v. United States*, 142 F.3d 1429, 1433-34 (Fed. Cir. 1998)); *see also Bell/Heery v. United States*, 739 F.3d 1324, 1334 (Fed. Cir. 2014). Plaintiff has not pled the elements of a valid contract between himself and the United States. Plaintiff has not alleged any facts over which we could exercise jurisdiction.

Absent a claim over which we have jurisdiction, we must dismiss the amended complaint pursuant to rule 12(h)(3). Accordingly, the following is ordered:

1. For good cause shown, plaintiff's motion to proceed *in forma pauperis* is granted.

2. The clerk of court is directed to dismiss the complaint without prejudice and enter judgment accordingly.

3. Defendant's motion to dismiss is denied as moot.

ERIC G. BRUGGINK
Judge